**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMES ROBERT HILL | : | |
| | : | |
| Appellant | : | No. 1544 WDA 2024 |

Appeal from the PCRA Order Entered November 13, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0009750-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMES ROBERT HILL | : | |
| | : | |
| Appellant | : | No. 82 WDA 2025 |

Appeal from the PCRA Order Entered November 13, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0010823-2014

BEFORE:  STABILE, J., MURRAY, J., and BECK, J.

MEMORANDUM BY BECK, J.:                                  **FILED: MAY 8, 2026**

James Robert Hill ("Hill") appeals pro se from the order entered by the Allegheny County Court of Common Pleas dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA")[1] as untimely.  Because the trial court erred in denying Hill's petition as untimely and permitting his court-appointed

---

[1]  42 Pa.C.S. §§ 9541-9546.

counsel to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1998), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc), we vacate the PCRA court's order and remand this matter for further proceedings.

Given our disposition, the facts underlying this matter are not relevant. The PCRA court, however, aptly summarized the procedural history, in part, as follows:

> [Hill] was charged at CC#201309750 and … CC# 201410823.  On August 12, 2014, [Hill] appeared before the [trial court] for a jury trial at CC#201309750.  The [jury] found [Hill] guilty of one count of criminal attempt to commit homicide, one count of assault of law enforcement officer, two counts of aggravated assault, one count of firearms not to be carried without a license, one count of fleeing or attempting to elude an officer, and one count of resisting arrest.  A separate nonjury trial was conducted at CC#201410823.  [The trial court] found [Hill] guilty of one count of possession of firearm prohibited.
>
> [On] August 18, 2014, [the trial court] sentenced the [Hill] to an aggregate term of thirty years and nine months to sixty-one and one-half years of incarceration.

PCRA Court Opinion, 3/31/2025, at 1.

On June 25, 2015, Hill filed a timely PCRA petition in which he asserted that his trial counsel was ineffective for failing to pursue a post-sentence motion or direct appeal on his behalf.  The PCRA court appointed counsel, who filed a petition to withdraw and no merit letter pursuant to **Turner**/**Finley**. The PCRA court granted the petition to withdraw and dismissed Hill's petition without a hearing.  On appeal, this Court vacated the order dismissing Hill's PCRA petition, concluding that PCRA counsel was ineffective for failing to

pursue Hill's claim that he was wrongly denied his right to a direct appeal and for failing to request an evidentiary hearing on that claim. ***Commonwealth v. Hill***, 184 WDA 2016, 2017 WL 2570788, at *4-5 (Pa. Super. June 14, 2017) (non-precedential decision).

On remand, the PCRA court reinstated Hill's post-sentence and direct appeal rights nunc pro tunc. On October 20, 2017, Hill filed a post-sentence motion, which the trial court denied. This Court subsequently affirmed his judgment of sentence. ***See Commonwealth v. Hill***, 192 WDA 2018, 2019 WL 5663874, at *9 (Pa. Super. Oct. 31, 2019) (non-precedential decision). On April 7, 2020, our Supreme Court denied his petition for allowance of appeal. ***Commonwealth v. Hill***, 229 A.3d 23 (Pa. 2020).

On May 25, 2021, Hill filed the instant PCRA petition. The PCRA court appointed counsel who subsequently filed a petition to withdraw and no merit letter pursuant to ***Turner/Finley***. The brief in support of the petition to withdraw asserted that Hill's PCRA petition lacked arguable merit because (1) it was untimely and there was no applicable exception to the statutory time bar, and (2) Hill sought to raise a ***Batson***[2] claim for which there was no support in the record. ***See*** Brief in Support of Petition to Withdraw,

---

[2] ***Batson v. Kentucky***, 476 U.S. 79 (1986). "In ***Batson***, the Supreme Court of the United States held that a prosecutors challenge to potential jurors solely on the basis of race violates the Equal Protection Clause of the United States Constitution." ***Commonwealth v. Edwards***, 177 A.3d 963, 971 (Pa. Super. 2018) (brackets and citation omitted).

- 3 -

11/16/2021, at 9, 12-16. On December 6, 2021, the PCRA court granted PCRA counsel's petition to withdraw and issued notice of its intent to dismiss Hill's petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907.

On January 5, 2022, Hill filed a motion for an extension of time to file a response to the PCRA court's Rule 907 notice. The court never ruled on that motion. On January 17, 2022, Hill filed a pro se response to the PCRA court's Rule 907 notice in which he accused PCRA counsel of filing a petition to withdraw and no merit letter without consulting with him when he wished to raise additional issues beyond the **Batson** claim regarding trial counsel's ineffectiveness. **See** Response to Rule 907 Notice, 1/17/2022, at 2-13. Following this filing, the record reflects that the trial court judge that had been handling Hill's case retired and the case was assigned to another judge.

On November 13, 2024, the PCRA court dismissed Hill's PCRA petition on the basis that the petition "is time barred and none of the exceptions apply," that the ineffective assistance of counsel claims he sought to raise are time barred, and he "does not make any valid argument to excuse this late filing." PCRA Court Order, 11/13/2024. This was the sole basis the PCRA court provided for dismissing Hill's PCRA petition.

Hill timely appealed to this Court. He presents the following issue for review: Did the PCRA [c]ourt err or abuse its discretion when it improperly denied [his] PCRA petition finding its issues therein time barred and that none

- 4 -

of the exceptions applied." Hill's Brief at 2. In support of this claim, Hill points out that he also objected to PCRA counsel's *Turner*/*Finley* petition to withdraw and no merit letter. *Id.* at 4.

The threshold question we must address is whether Hill timely filed his PCRA petition. *See Commonwealth v. Brown*, 141 A.3d 491, 499 (Pa. Super. 2016) ("Crucial to the determination of any PCRA appeal is the timeliness of the underlying petition. Thus, we must first determine whether the instant PCRA petition was timely filed.") (quotation marks and citation omitted). "The timeliness requirement for PCRA petitions is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition." *Id.* (quotation marks and citation omitted); *see also Commonwealth v. Fantauzzi*, 275 A.3d 986, 994 (Pa. Super. 2022) ("the timeliness of a PCRA petition is jurisdictional and [] if the petition is untimely, courts lack jurisdiction over the petition and cannot grant relief"). The timeliness of a PCRA petition is a question of law, which we review de novo. *Commonwealth v. Callahan*, 101 A.3d 118, 121 (Pa. Super. 2014).

The PCRA requires, in relevant part, that petitions filed pursuant thereto "shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). "For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* § 9545(b)(3).

The record reflects that the Pennsylvania Supreme Court denied Hill's petition for allowance of appeal on April 7, 2020. Thus, his judgment of sentence became final on July 6, 2020, when the ninety-day period for filing a petition for writ of certiorari with the United States Supreme Court expired. *See* U.S. S. Ct. R. 13.1 (allowing 90 days to petition for certiorari); 42 Pa.C.S. § 9545(b)(3). He therefore had until July 6, 2021, to file a timely PCRA petition. The instant PCRA petition filed on May 25, 2021, therefore, was plainly timely. Indeed, the PCRA court belatedly conceded this point. PCRA Court Opinion, 3/31/2025, at 4. The PCRA court therefore erred in dismissing Hill's petition as untimely.

Recognizing this error, the PCRA court in its Rule 1925(a) opinion addressed the claims raised in Hill's petition and the ineffective assistance of counsel claims he identified in his response to the court's Rule 907 notice. *Id.* The PCRA court found each of those issues meritless. *Id.* at 4-8.

The PCRA court does not address, however, its decision to permit Hill's counsel permission to withdraw. As stated above, counsel's request was, in part, based upon the erroneous conclusion that Hill's PCRA petition was untimely and failed to satisfy as exceptions to the time bar.[3] *See* Brief in Support of Petition to Withdraw, 11/16/2021, at 9, 12. Counsel addressed

---

[3] The record contains no explanation as to why the court permitted counsel to withdraw other than a general statement that "there are no meritorious issues and for the reasons stated in said *Turner*/*Finley* letter." PCRA Court Order, 12/6/2021.

- 6 -

only a **Batson** claim raised by Hill in his pro se PCRA petition, but failed to discuss claims of ineffectiveness that Hill contended he wished to raise. **See generally id.**; **see also** Response to Rule 907 Notice, 1/17/2022, at 2-13.

The underlying PCRA petition is Hill's first petition, as "[t]his court has explained that when a PCRA petition's direct appeal rights are reinstated nunc pro tunc in his first PCRA petition, a subsequent PCRA petition will be considered a first PCRA petition for timeliness purposes." **Commonwealth v. Turner**, 73 A.3d 1283, 1286 (Pa. Super. 2013) (citation omitted). "A convicted defendant has a right under the Rules of Criminal Procedure to the assistance of counsel on a first PCRA petition." **Commonwealth v. Kelsey**, 206 A.3d 1135, 1139 (Pa. Super. 2019) (citations omitted). "The indigent petitioner's right to counsel must be honored regardless of the merits of his underlying claims, … so long as the petition in question is his first." **Id.** (citations omitted).

Hill was thus entitled to be represented by counsel for the underlying PCRA petition. PCRA counsel, however, filed a petition to withdraw and no merit letter in which he wrongly concluded that his petition was untimely and did not address several ineffective assistance of counsel claims the record reflects Hill sought to raise. Indeed, counsel was permitted to withdraw prior to the PCRA court becoming aware of the additional claims Hill sought to raise.

Hill was thus denied his right to counsel for his PCRA petition and this appeal on an improper basis.[4]

Based on the foregoing, we conclude that the trial court erred in dismissing Hill's petition as untimely and permitting PCRA counsel to withdraw pursuant to **Turner**/**Finley**. We therefore vacate the order dismissing his PCRA petition and remand this matter to the PCRA court for the appointment of new PCRA counsel and the filing of an amended PCRA petition or proper petition to withdraw and no-merit letter pursuant to **Turner**/**Finley**.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

_____

[4] We note that to withdraw from representation pursuant to **Turner/Finley**, counsel was required to comply with the following:

> Counsel petitioning to withdraw from PCRA representation must proceed under [**Turner**/**Finley**] and must review the case zealously. **Turner**/**Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

**Commonwealth v. Muzzy**, 141 A.3d 509, 510-11 (Pa. Super. 2016). (citation omitted).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: <u>5/8/2026</u>